**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-23-00773-001-TUC-RM (MSA) |
| Plaintiff, | **ORDER** |
| v. | |
| Desirae Dina Solares, | |
| Defendant. | |

On November 30, 2023, the Court found Defendant Desirae Dina Solares guilty of importation of fentanyl in violation of 21 U.S.C. § 952(a), 21 U.S.C. § 960(a)(1), and 21 U.S.C. § 960(b)(3). (Doc. 37 at 1.) The Court sentenced Defendant to a 21-month term of imprisonment followed by a 5-year term of supervised release. (*Id.*)

Currently pending before the Court is a letter written by Defendant, which the Court has construed as a pro se Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A). (Doc. 38.) The Government did not respond to Defendant's pro se Motion, and the deadline for doing so has expired.

## I.    Legal Standard

A court may reduce a term of imprisonment upon a defendant's motion, after considering the factors set forth in 18 U.S.C. § 3553(a), if: (1) the defendant has fully exhausted her administrative remedies, (2) "extraordinary and compelling reasons" warrant the reduction, and (3) the reduction is consistent with applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A). A defendant exhausts her

administrative remedies by appealing a failure of the Bureau of Prisons to bring a motion on her behalf or by the lapse of 30 days from the receipt of a request for compassionate release by the warden of the defendant's facility. *Id.*

The Ninth Circuit has held that the current version of U.S.S.G. § 1B1.13 is not an applicable policy statement for purposes of 18 U.S.C. § 3582(c)(1)(A) motions filed by a defendant. *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021) (per curiam). "The Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding." *Id.* Therefore, the Court will rely on U.S.S.G. § 1B1.13 as persuasive but non-binding authority for purposes of evaluating the present Motion.

Both 18 U.S.C. § 3582(c)(1)(A) and U.S.S.G. § 1B1.13 direct courts to consider the sentencing factors set forth in 18 U.S.C. § 3553(a). U.S.S.G. § 1B1.13 further provides that a defendant's sentence may be reduced only if it is determined that the defendant is "not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." The application notes to U.S.S.G. § 1B1.13 describe specific circumstances that present "extraordinary and compelling reasons" for a sentence reduction, including "[t]he death or incapacitation of the caregiver of the defendant's . . . minor children" and "[t]he incapacitation of the defendant's spouse . . . when the defendant would be the only available caregiver for the spouse." U.S.S.G. § 1B1.13, cmt. n.1.

The factors to be considered in determining a sentence under 18 U.S.C. § 3553(a) include "the nature and circumstances of the offense and the history and characteristics of the defendant," the sentencing range established by the Sentencing Guidelines, the need to avoid unwarranted sentence disparities among similarly situated defendants, and the need for the sentence imposed:

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a).

The factors to be considered in assessing dangerousness under 18 U.S.C. § 3142(g) include the nature and circumstances of the defendant's offense; the weight of the evidence against the defendant; the nature and seriousness of the danger to any person or the community posed by the defendant's release, and the defendant's history and characteristics, including "character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse," and criminal history.  18 U.S.C. § 3142(g).

## II.   Discussion

Defendant's Motion avers that she is seeking "compassionate release" because (1) her mother, who is the caregiver of her three children, has health issues, including hearing loss, an enlarged liver, and a heart murmur; (2) her children have experienced "a number of issues," such as her son getting suspended from school and her daughters "continuously getting head lice"; and (3) she has resolved a warrant that prevented her from creating a post-release plan.  (Doc. 38 at 1-2.)  Defendant states that she would like to help care for her children and mother.  (*Id.* at 2.)

Defendant's Motion does not indicate that she submitted a request for compassionate release to the warden of her facility, nor does it address any steps she has taken to exhaust her administrative remedies, as required by 18 U.S.C. § 3582(c)(1)(A).  Thus, it appears that Defendant's Motion should be denied for failure to exhaust administrative remedies.

Even assuming Defendant exhausted her administrative remedies, the Motion fails on the merits.  The Court previously considered the seriousness of the charge to which Defendant pled guilty—importation of fentanyl—and that Defendant was before the Court for sentencing of her second felony conviction.  (Doc. 34 at 17.)  After reviewing Defendant's pro se Motion and the record, the Court finds that the 21-month sentence satisfies the factors set forth in 18 U.S.C. § 3553(a), including the seriousness of the offense

and just punishment, deterrence to further criminal conduct, and protection of the public. Furthermore, pursuant to U.S.S.G. § 1B1.13, "extraordinary and compelling circumstances" do not warrant a sentence reduction.  While the Court is sympathetic to Defendant's concerns about her mother's health and her children's wellbeing, Defendant does not indicate that her mother is incapacitated such that she is unable to care for the children.  Because Defendant identifies no other circumstances warranting a sentence reduction, the Court will deny Defendant's Motion.  Defendant is granted leave to re-file the Motion if her mother becomes incapacitated such that she is unable to care for Defendant's children.

Accordingly,

**IT IS ORDERED** that Defendant's pro se Motion for Sentence Reduction (Doc. 38) is **denied without prejudice**.

Dated this 4th day of March, 2024.

Honorable Rosemary Márquez
United States District Judge